THEOPHILUS P. CHANDLER & another *vs.* JAMAICA POND AQUEDUCT CORPORATION.

An entry made in good faith upon land "by walking over its bounds," with the declaration that it is done for the purpose of entering under the statute, and a filing of a description of the land in the registry of deeds, the description containing a statement that the land was taken under the statute, is a taking of the land under St. 1868, *c.* 182, empowering the Jamaica Pond Aqueduct Corporation to take land, a description of the land taken to be filed in the registry of deeds, and giving persons damnified the right to apply for a jury "within three years after such taking."

BILL IN EQUITY, filed April 15, 1873, brought by the plaintiffs as trustees of the Brookline Land Company, to remove a cloud on the title to a portion of the company's property.

By St. 1868, *c.* 182, § 1, the Jamaica Pond Aqueduct Corpo·ration was given the right, "for the purpose of better supplying fresh water, and for saving and retaining the water that may percolate from Jamaica Pond," "to take, hold or purchase" certain described land. By § 2, parties whose "land or water, or water rights, shall be taken or injured" under the act, if unable to agree upon the amount of damages, are to apply to the Superior Court for Norfolk County for a jury to assess them, "at any time within three years after such taking or injury;" and a description of the land taken is to be filed in the registry of deeds for Norfolk County "within six weeks after taking any land" under the act. By § 3, "This act shall be void, so far as it gives the right to take land, water or water rights, unless the same shall have been taken within two years from the passage of this act."

The act was approved May 8, 1868. A description of the land taken, which was land of the plaintiffs, was filed in the registry of deeds for Norfolk County April 28, 1870, which description contained a statement that the land was taken for the purposes expressed in the act.

At the hearing, before *Wells,* J., the evidence showed that the president of the aqueduct corporation, accompanied by an engineer, on the day previous to the filing of the description, "made an entry upon the premises by walking over the bounds of the

land," declaring that he did so for the purpose of entering under the act, and that from that day to the time of the hearing, the land, water, water rights, trees, turf and all things upon the lot remained in substantially the same condition as on the day the act was passed.

Upon this the plaintiffs contended that no such taking as the act contemplated had been made; and that the aqueduct corpora-tion had lost any rights it had under the act.

The aqueduct corporation maintained that the entry made was all that the act required, and that it having been made within the prescribed two years, it was immaterial to what purpose, if any, the land had since been put, and that its rights under the act were not lost.

The presiding judge therefore reported the case for the deter-mination of the full court.

*A. D. Chandler*, for the plaintiffs.

*A. W. Austin*, for the defendant.

COLT, J. The Jamaica Pond Aqueduct Corporation were au-thorized by the St. of 1868, *c.* 182, to take additional land within two years from its passage, for the purpose of better supplying fresh water, and for saving and retaining the water that may per-colate from Jamaica pond.

The aqueduct company claim to have legally taken the plain-tiff's land under this act within the time limited; this is denied by the plaintiffs, who bring this bill to remove an alleged cloud on their title. The only question raised by the allegations in the bill and answer being, whether the acts relied on are sufficient to show a taking of the plaintiffs' land under the act.

It appears that a certificate signed by the president of the com-pany, and containing a sufficient description of the land in ques-tion, was filed in the registry of deeds within the required time, in which it is declared that the company had entered upon the described land for the purpose of the act. And it was further shown that on the day before the filing of the certificate, the pres-ident, accompanied by an engineer, did in fact enter upon the premises and walk over the bounds of the land.

This was a sufficient compliance, in the opinion of the court, with the conditions upon which the granted power was to be exercised. It was a taking for the purpose mentioned in the act, followed by the filing of a description of the land in the registry of deeds as required by the statute. No further formality is made necessary. The act provides that damages may be assessed by a jury upon application made to the court within three years after such taking. It is important that the exact time of the taking should be easily ascertainable. Under the railroad acts, containing similar provisions, it has been held that filing the location binds the land to the servitude, and concludes the owner from denying the title of the company, and that the time for the application for damages in those cases must be computed from that act, and not from the completion or actual commencement of the public work contemplated. *Boston & Providence Railroad Co.* v. *Midland Railroad Co.* 1 Gray, 340, 360. *Charlestown Branch Railroad Co.* v. *County Commissioners*, 7 Met. 78.

It is sufficient for this case if the acts relied on constitute a legal taking. It must be here assumed that the land was entered upon in good faith for the public use indicated. Upon the allegations in the bill, the suggestion is not open that the act of taking was colorable and fraudulent; and if once legally taken under the right of eminent domain, the fact that the land is unreasonably and wrongfully withheld from the public use to which it is devoted, or is diverted to private ends, cannot be availed of in support of this proceeding. *Bill dismissed.*